JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Charles Bell ("defendant"), appeals from the prison sentence imposed upon him for his convictions of domestic violence, a felony of the fourth degree, and abduction, a felony of the third degree. For the reasons that follow, we affirm defendant's convictions, vacate the sentence, and remand for a new sentencing hearing.
 {¶ 2} The record contains the following facts: Defendant was indicted on one count of domestic violence with a prior conviction specification and one count of kidnapping. On July 10, 2008, the trial court conducted a plea hearing where the judge engaged in a colloquy with the defendant. The State outlined the plea as follows: defendant would plead guilty to the domestic violence charge, as indicted, including the specification, and to abduction as amended under count two of the indictment. Defense counsel indicated to the trial judge: "[T]hat correctly states the plea agreement * * *." Defendant confirmed to the trial court that he understood everything. The trial court then informed defendant of various constitutional rights and the consequences of entering the guilty pleas, including that defendant would be subject to a term of three years of postrelease control following any term of imprisonment.
 {¶ 3} After indicating that he was not threatened or coerced to enter the pleas, defendant pled guilty as stated. The trial judge, finding defendant acted knowingly, intelligently, and voluntarily, accepted the pleas. Both the *Page 4 
prosecution and defense counsel confirmed their belief that the trial court had complied with Crim. R. 11.
 {¶ 4} On August 6, 2008, the matter proceeded to sentencing. At the sentencing hearing, the State informed the court as follows: "At the time that this plea was taken, I did indicate to defense counsel that the victim * * * was not seeking prison — a prison sentence for the defendant, but since the plea was taken, some circumstances have changed * * * [the victim] is here and would like to discuss those with you * * * if she may." The defense made no objection. The defendant was the victim's husband.
 {¶ 5} The victim told the trial judge that defendant had threatened her and stolen from her following his plea hearing. She indicated she had made a police report. She further discussed the impact of the defendant's crimes upon her.
 {¶ 6} The trial court noted defendant's three prior convictions and his violation of a protection order.
 {¶ 7} Defendant then addressed the court. Defendant stated that the victim had hit him and caused him to file police reports.
 {¶ 8} The court imposed a two-year prison sentence for domestic violence and an 18-month sentence for abduction, to be served concurrently. The sentence included a three-year period of postrelease control. *Page 5 
 {¶ 9} Defendant now appeals asserting two assignments of error for our review:
 {¶ 10} "I. The trial court erred in allowing testimony to be given which was precluded by agreement of the parties."
 {¶ 11} Where an issue concerning an alleged sentencing recommendation or plea agreement affecting sentencing is not raised in the court below, defendant waives all but plain error.[1] State v. Dudas, Lake App. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, ¶ 51-54.
 {¶ 12} In this case, defendant essentially asserts that his plea agreement was breached when the victim made statements during his sentencing hearing about his alleged "post-plea misconduct." This, he contends, was contrary to the agreement reached by the parties' plea agreement.
 {¶ 13} There is nothing in the record of the plea proceedings that would support defendant's contentions. The State made no representations or recommendations concerning what sentence should be imposed upon defendant.[2]
There were no representations by the victim. Finally, neither the defendant nor *Page 6 
his counsel made any indication that defendant's guilty pleas depended upon some agreement between the parties whereby the victim would not speak at sentencing or in exchange for any particular leniency in sentencing.
 {¶ 14} The prosecutor stated at the sentencing hearing that the victim did not initially wish for defendant to serve a prison term. While this may be true, it does not establish an essential term of the plea agreement, nor would the trial court be bound to impose a sentence requested by the victim in any case.[3] Victims of crime have both constitutional and statutory rights to speak at an offender's sentencing hearing. State v. Averett, Mahoning App. No., 07 MA 209, 2008-Ohio-5044, ¶ 10, citing Ohio Const., Art. I, Sec. 10(a) and R.C. 2929.11(E);2929.12(B); 2937.081, 2943.041, 2945.07; 2947.051.
 {¶ 15} As the record of the sentencing proceedings established, the trial court not only considered the statements made by the victim, but also reviewed the defendant's criminal record as well as the defendant's own statements. For all of these reasons, this assignment of error lacks merit and is overruled. *Page 7 
 {¶ 16} "II. The trial court erred in not advising the defendant of the risk of postrelease control at sentencing."
 {¶ 17} Defendant contends that the trial court failed to notify him at his sentencing hearing that he would be subject to postrelease control.
 {¶ 18} At the outset, we note that on November 20, 2008, this Court sua sponte remanded the case to the trial court for 21 days pursuant toState v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330. We instructed the trial court to correct the judgment entry to comport withBaker," i.e., "the corrected journal entry must set forth: (1) the guilty plea, the jury verdict, or the finding upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court."[4] *Page 8 
 {¶ 19} On December 1, 2008, upon our limited remand, the trial court corrected the judgment entry, placing everything in one judgment entry, but incorrectly called it a "resentencing," rather than a "correction" or "clarification." The trial court stated at the beginning of the entry, "[t]his is a re-sentencing." The trial court further stated, "Defendant in court. Counsel Michael L. Wolpert present." At oral argument in this case, however, defense counsel and the State agreed that they were not present at a resentencing hearing. It is our view that the trial court incorrectly labeled the "correction" as a "resentencing."
 {¶ 20} We note further that the trial court would not have had jurisdiction to "resentence" the defendant upon our limited remand. "A trial court's jurisdiction over a criminal case is limited after it renders judgment." State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197, ¶ 22. Upon a limited remand, "a trial court has no authority to extend or vary the mandate of the appellate court."State v. O'Neal, Medina App. No. 06CA0056-M, 2008-Ohio-1325. Therefore, we remanded the case to the trial court for 21 days for the sole reason to correct the judgment entry to comport with Baker, which it did. Accordingly, we will reach the merits of this assignment of error.
 {¶ 21} The record is clear that although the trial court included postrelease control in the sentencing entry, it failed to advise defendant of postrelease control at his sentencing hearing. *Page 9 
 {¶ 22} In State v. Bezak, 114 Ohio St.3d 94, 97, 2007-Ohio-3250, the Ohio Supreme Court held that "[w]hen a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, * * * the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing." The Supreme Court explained that at such a resentencing hearing, "the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence." Id. at _6. Accordingly, "[t]he trial court must resentence the offender as if there had been no original sentence." Id. at _16.
 {¶ 23} This is true even if postrelease control was properly included in the sentencing entry. The Supreme Court explained, "`[w]hen a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing.'"Bezak at _11, quoting State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, paragraph two of the syllabus.
 {¶ 24} Accordingly, we sustain defendant's second assignment of error and find that he is entitled to a de novo sentencing hearing. *Page 10 
 {¶ 25} Convictions affirmed; sentence vacated and case remanded to the trial court for a new sentencing hearing.
It is ordered that appellee and appellant share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for a new sentencing hearing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, P.J., and MARY JANE BOYLE, J., CONCUR
[1] "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim. R. 52(B).
[2] See Santobello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (Where a prosecutor represented at the plea hearing that no sentence would be recommended but at sentencing a different prosecutor sought imposition of maximum sentence, the court held: "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled").
[3] It is questionable whether any such agreement to prohibit a victim from addressing the trial court at an offender's sentencing would even be legal. See State v. Averett, Mahoning App. No. 07-MA-209, 2008-Ohio-5044, ¶ 10.
[4] When the trial court issued its first sentencing entry, it mistakenly interchanged the sentences it imposed at the sentencing hearing for counts one and two. It incorrectly stated that it imposed two years on count one and 18 months on count two. On September 9, 2008, it issued a nunc pro tunc entry, correcting its mistake, but it failed to comply with Crim. R. 32(C) and Baker (all requirements must be in one entry) in order to make the judgment a final appealable order. *Page 1