[Cite as *State v. Collier*, 2020-Ohio-3033.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                         No. 108687

    v.                           :

SHARON COLLIER,                         :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
                  AND REMANDED
**RELEASED AND JOURNALIZED:** May 21, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-626420-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and James A. Gutierrez, Assistant Prosecuting
Attorney, *for appellee.*

Flannery│Georgalis, L.L.C., Edward Fadel, and Paul M.
Flannery; and Robinson Law Firm, L.L.C., and Emmett E.
Robinson, *for appellant.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Sharon Collier, appeals from her convictions and sentence. She raises the following assignments of error for review:

1. The state's violation of the terms of its plea agreement with Collier constituted plain error.

2. The trial court's imposition of consecutive sentences should be vacated for failure to comply with R.C. 2929.14(C)(4).

3. The trial court committed plain error by failing to conclude, and counsel was constitutionally ineffective for failing to argue, that aggravated theft and money laundering were allied offenses.

4. Collier's sentence is not supported by the record.

{¶ 2} After careful review of the record and relevant case law, we affirm Collier's convictions, but reverse the trial court's imposition of consecutive sentences. The matter is remanded for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make all of the required findings on the record and incorporate those findings into its sentencing journal entry.

## I. Procedural and Factual History

{¶ 3} In March 2018, Collier and her codefendants were named in a 91-count indictment in Cuyahoga C.P. No. CR-18-626420-A-D. Collier was charged with one count of aggravated theft; one count of telecommunications fraud; 32 counts of forgery; and 54 counts of money laundering. The indictment stemmed from allegations that, over a three-year period of time, Collier made unauthorized withdrawals from company accounts while working as an office manager for Taylored Construction Services.

{¶ 4} In April 2019, Collier accepted the negotiated terms of a plea agreement with the state. At the onset of the plea hearing, the state set forth the

terms of the proposed plea agreement, expressing that Collier intended to plead guilty to one count of aggravated theft, seven counts of forgery, and two counts of money laundering. The remaining counts against Collier would be nolled. The state further expressed that Collier would be required to pay restitution in the amount of $210,000. However, "no threats or promises [were] made to [Collier] concerning any type of sentence."

{¶ 5} Following a Crim.R. 11 colloquy, Collier pleaded guilty to aggravated theft in violation of R.C. 2913.02(A)(3), as charged in Count 1 of the indictment; seven counts of forgery in violation of R.C. 2913.21(A)(1), as charged in Counts 6-12 of the indictment; and two counts of money laundering in violation of R.C. 1315.55(A)(1), as charged in Counts 38 and 40 of the indictment. The remaining counts were nolled. The trial court accepted Collier's guilty pleas and referred her to the county probation department for a presentence-investigation report.

{¶ 6} In June 2019, the trial court sentenced Collier to 36 months in prison on the aggravated theft offense, 36 months in prison on each money laundering offense, and 12 months in prison on each forgery offense. The prison terms imposed on the forgery offenses were ordered to run concurrently with each other, and concurrently with the prison term imposed on the aggravated theft offense. The prison terms imposed on the money laundering offenses were ordered to be served concurrently to each other, but consecutive to the prison term imposed on the aggravated theft offense, for a total prison term of 72 months. In addition, the trial court ordered restitution to the victim in the amount of $210,000.

**{¶ 7}** Collier now appeals from her convictions and sentence.

## II. Law and Analysis
### A. Plea Agreement

**{¶ 8}** In her first assignment of error, Collier argues the state breached the terms of the plea agreement by advocating for a six-year prison term despite its statement during the plea hearing that it would leave sentencing to the discretion of the trial court.

**{¶ 9}** This court has recognized that "'[a] plea bargain itself is contractual in nature and subject to contract-law standards.'" *State v. Butts*, 112 Ohio App.3d 683, 686, 679 N.E.2d 1170 (8th Dist.1996), quoting *Baker v. United States,* 781 F.2d 85, 90 (6th Cir.1986). A contract is generally defined as a promise that is actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration, and a manifestation of mutual assent. *State v. Robinson*, 8th Dist. Cuyahoga No. 82801, 2004-Ohio-740, ¶ 12, citing *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract. *Id.*, citing *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (1991). As such, the terms of a plea agreement must be explicit. *State v. Padilla*, 8th Dist. Cuyahoga No. 98187, 2012-Ohio-5892, ¶ 11, citing *United States v. Benchimol*, 471 U.S. 453, 105 S.Ct. 2103, 85 L.Ed.2d 462 (1985).

{¶ 10} Plea agreements should be construed strictly against the government. *United States v. Fitch*, 282 F.3d 364 (6th Cir.2002). "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." *State v. Legree*, 61 Ohio App.3d 568, 573 N.E.2d 687 (6th Dist.1988). In the event of a breach, the trial court may allow the defendant to withdraw his or her plea, or it may order specific performance of the plea agreement, in which case the defendant shall be resentenced by a different judge. *Santobello,* 404 U.S. at 263. The appropriate remedy is left to the sound discretion of the trial court. *Padilla* at ¶ 14.

{¶ 11} "In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea." *State v. Latimore*, 8th Dist. Cuyahoga No. 92490, 2010-Ohio-1052, ¶ 7. In this case, the record reflects that upon identifying the counts to which Collier would be pleading guilty under the terms of the plea agreement, the prosecutor stated as follows:

> Judge, there have been no threats or promises made to these defendants concerning this plea. And there have been no threats or promises made to these defendants concerning any type of sentence, Your Honor.
>
> In fact, the sentencing of Ms. Collier we're leaving to the wise discretion of the Court at the time of sentencing.

(Tr. 7.) The court then asked Collier if she wished to accept the terms of the plea agreement as set forth by the state. Collier responded "yes." (Tr. 9.)

{¶ 12} On appeal, Collier characterizes the prosecutor's statement as "an agreement that the government would not make a sentencing recommendation" at the sentencing hearing. Thus, Collier contends that the state breached the terms of the plea agreement by arguing at the sentencing hearing that probation "would be an injustice" and that a six-year prison term was warranted. (Tr. 72.)

{¶ 13} In support of her position, Collier relies on the factual circumstances addressed by the United States Supreme Court in *Santobello*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. In *Santobello*, the defendant was arrested and charged with several gambling offenses. *Id.* at 258. The defendant subsequently agreed to enter a guilty plea to a reduced charge in exchange for a promise by the prosecutor that he would make no sentencing recommendation to the trial judge. *Id.* The prosecutor later recommended to the trial judge that the defendant receive the maximum penalty and the defendant was sentenced accordingly. *Id.* at 259.

{¶ 14} On appeal, the Supreme Court vacated the defendant's guilty plea. *Id.* at 263. As discussed above, the court held that due process requires the state to honor any promise or representation it may make to induce a guilty plea by the defendant, stating:

> The adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise

or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Id.* at 262.

{¶ 15} After careful consideration, we find the circumstances presented in Santobello to be distinguishable from the facts of this case. Viewing the disputed statement in its entirety, it is evident that the prosecutor was informing the court that Collier was not promised a certain term of imprisonment in exchange for her plea and, therefore, the terms of the plea agreement did not include a negotiated agreed-upon sentence. Unlike the facts contemplated in *Santobello*, the prosecutor in this case did not make an express promise to forego a sentencing recommendation. Nor did the prosecutor expressly or implicitly agree "to remain silent" or otherwise "take no position" during the sentencing hearing. *See, e.g., State v. Ahlers*, 6th Dist. Erie No. E-14-005, 2015-Ohio-131, ¶ 12-13. Rather, the inducement in this case was predicated on the government's agreement to nolle a significant number of offenses in exchange for Collier's guilty pleas. In the absence of credible information to suggest otherwise, this court will not impute terms or conditions of a plea agreement that were not clearly negotiated and unambiguously made part of the record. Thus, we are unable to conclude that the state breached the terms of the negotiated plea agreement by recommending the imposition of a six-year prison term during the sentencing hearing.

{¶ 16} Moreover, even if this court were to interpret the prosecutor's statement as a binding promise, we find no prejudice. On appeal, Collier concedes

that there was no objection to the prosecutor's comments during the sentencing hearing. Where, as here, a defendant fails to object to the state's breach of the plea agreement, he or she forfeits that alleged error, and an appellate court reviews for plain error only. *Puckett v. United States*, 556 U.S. 129, 173, 129 S.Ct. 1423, L.Ed.2d 266 (2009). Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different. *State v. Sanders*, 92 Ohio St.3d 245, 257, 750 N.E.2d 90 (2001). The Ohio Supreme Court has admonished courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23.

{¶ 17} In this case, the trial court's imposition of a six-year prison term was predicated on its own independent assessment of the record, including consideration of the relevant sentencing factors, the victim impact statements, the scope of the financial deprivation, and the information contained in Collier's sentencing memoranda and presentence-investigation report. *See State v. Namack*, 7th Dist. Belmont No. 01 BA 46, 2002 Ohio App. LEXIS 5243, 15-16 (Sept. 23, 2002) ("when a prosecutor violates the terms of a plea agreement by attempting to influence the sentence a trial court imposes upon an offender, an appellate court will affirm the trial court's decision imposing the sentence upon that offender if the record demonstrates the court's decision is based upon its own review of the record

before it."). While the trial court ultimately imposed the sentence recommended by the state, there is no clear indication that, but for the prosecutor's comments during the sentencing hearing, the trial court would have sentenced Collier differently. Accordingly, we find Collier has failed to meet her burden of demonstrating that plain error occurred in this case.

{¶ 18} Alternatively, Collier contends that defense counsel rendered ineffective assistance of counsel by failing to object to the state's breach of the plea agreement. In order to establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he or she was prejudiced by that performance. *State v. Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, ¶ 21, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 19} In support of her ineffective assistance of counsel claim, Collier argues that defense counsel's failure to raise an objection "was unquestionably deficient performance" that "was undoubtedly prejudicial." Regarding the prejudice prong of the *Strickland* test, Collier contends that she was prejudiced because, "had trial counsel objected immediately, then the case could have been transferred to a different trial judge to pronounce the sentence without the taint of the state's breach

and before the onerous six-year sentence was imposed." In short, Collier suggests that she would have been provided the remedy afforded under *Santobello*, 404 U.S. at 263, 92 S.Ct. 495, 30 L.Ed.2d 427, had counsel made the trial court aware of the state's breach of the plea agreement.

{¶ 20} We find no merit to Collier's ineffective assistance of counsel claim. As previously determined, the challenged statement did not amount to a binding promise by the state to forego a sentencing recommendation. Accordingly, we are unable to conclude that counsel was deficient for failing to object to the prosecutor's sentencing recommendation during the sentencing hearing.

{¶ 21} Collier's first assignment of error is overruled.

### B. Consecutive Sentences

{¶ 22} In her second assignment of error, Collier argues the trial court erred by imposing consecutive sentences without making the findings mandated by R.C. 2929.14(C)(4). In her fourth assignment of error, Collier argues her consecutive sentences are "clearly and convincingly unsupported by the record." We address these assigned errors together.

{¶ 23} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is

otherwise contrary to law." The imposition of consecutive sentences is contrary to law if a trial court fails to make the findings mandated by R.C. 2929.14(C)(4). *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 24 (8th Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 24} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 25} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).

Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 26} Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we "clearly and convincingly" find that the record does not support the court's findings in support of consecutive sentences. *State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459, ¶ 11. "This is an extremely deferential standard of review." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶ 27} In imposing the consecutive sentences in this case, the trial court stated, in relevant part:

> The court finds that a consecutive sentence is necessary to protect the public from future crimes. The court finds the consecutive sentences are not disproportionate to the seriousness of the offender's conduct. The court finds that consecutive sentences are not disproportionate to the danger the offender poses to the public.
>
> In making those findings, the court has taken into consideration the operative facts of this case, the way the crimes were calculated and done, * * * her lack of guilt and her lack of remorse. The court does note that they — the defendant failed to adequately apologize to the victims in this case, who were friends.
>
> * * *

> The court does take into consideration the impact this client had on the [victims'] lives. Both [victims] have been greatly impacted by this betrayal, as well as this financial stress that was caused on this family and, therefore, the court believes that consecutive sentences are necessary.

(Tr. 73-75.)

{¶ 28} Viewing this statement in its entirety, we find the trial court made the first two findings required under R.C. 2929.14(C)(4). The court found that consecutive sentences were necessary to protect the public, and were not disproportionate to the seriousness of Collier's conduct and to the danger she poses to the public. However, we find the trial court failed to make the third finding supporting the imposition of consecutive sentences under R.C. 2929.14(C)(4)(a)-(c). While the trial court discussed Collier's lack of remorse and the substantial financial and emotional harm suffered by the owners of Taylored Construction Services, the court expressed that such considerations were relevant to its first and second findings.

{¶ 29} Contrary to the state's assertion on appeal, we are unable to discern from the record that the trial court's brief reference to the "impact Collier had on the victims' lives" amounted to a "so great and unusual" finding under R.C. 2929.14(C)(4)(b). *See State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 21 ("[T]he focus of this factor is the 'so great or unusual' finding required to distinguish this offense from other identical offenses, and how this offense was part of a 'course of conduct,' which elevates the seriousness of the crime and the need for greater punishment."), quoting *State v. Kay*, 2d Dist. Montgomery

No. 26344, 2015-Ohio-4403, ¶ 18. We recognize that there are multiple cases in which appellate courts have been able to discern a finding under subsection (b) even though the trial court did not use the language of the statute. *See, e.g., State v. Tucker*, 9th Dist. Lorain Nos. 16CA010963 and 16CA010964, 2017-Ohio-4215, ¶ 14 (the trial court used a shortened version of the statutory text — "[a] single prison term would not adequately reflect the seriousness of defendant's conduct."); *State v. Blanton*, 4th Dist. Adams No. 16CA1031, 2018-Ohio-1275, ¶ 100 (The trial court noted the great harm caused by the defendant and similarly used a shortened version of text when it said that it was unaware of "any sentence that would adequately reflect the seriousness of this conduct."). However, we find these cases to be distinguishable, because the relevant statement by the court in this case does not contain language that is consistent with the purpose of R.C. 2929.14(C)(4)(b). Likewise, the sentencing journal entry does not contain any language regarding the third finding required under R.C. 2929.14(C)(4).

{¶ 30} Under these circumstances, we find the trial court's statements were insufficient for this court to conclude that the third finding — "one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c)" — was made. *State v. Jackson*, 1st Dist. Hamilton Nos. C-180245 and C-180246, 2019-Ohio-3299 (finding the trial court failed to make a subsection (b) finding at the sentencing hearing despite the trial court's reference to the great psychological and economic harm caused by the defendant). Accordingly, we vacate Collier's consecutive sentences and remand the case for the trial court to again consider whether consecutive

sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate those findings in the sentencing journal entry in accordance with *Bonnell.*

{¶ 31} Collier's second assignment of error is sustained. Having vacated the consecutive sentences, we need not address Collier's argument that the record does not support consecutive sentences. Accordingly, Collier's fourth assignment of error is moot.

### C. Allied Offenses

{¶ 32} In her third assignment of error, Collier argues her convictions for aggravated theft and money laundering are allied offenses that should have been merged for the purposes of sentencing. Alternatively, Collier contends that defense counsel rendered ineffective assistance of counsel by failing to argue that the aggravated theft and money laundering were allied offenses of similar import.

{¶ 33} R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution, prohibiting multiple punishments for the same offense. Under R.C. 2941.25(A), when the same conduct by the defendant "can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Nevertheless, under R.C. 2941.25(B),

> [w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate

animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 34} The Supreme Court of Ohio, in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, established that the test for determining whether offenses are allied offenses of similar import requires the trial court to consider three separate factors: import, conduct, and animus. Convictions do not merge, and a defendant may be sentenced for multiple offenses if any of the following are true (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *Id.* at ¶ 25.

{¶ 35} Defense counsel did not raise an allied-offense argument before the trial court.

> An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

*Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 3.

{¶ 36} On appeal, Collier argues "the trial court committed plain error when it convicted and sentenced [her] for both aggravated theft and money laundering." She contends that "the same conduct — the charging of the company credit card, depositing company checks, and withdrawal of company cash — constituted both

the 'depriv[ation] * * * of property,' R.C. 2913.02(A), and the 'transaction * * * [with] proceeds of * * * unlawful activity,' R.C. 1315.55(A)(1)."

{¶ 37} We find Collier's argument to be unsupported. In the current case, the state alleged that Collier committed the aggravated theft offense by making withdrawals from company accounts without consent or authorization. The state further alleged that Collier subsequently committed the crimes of money laundering when she used the stolen funds to purchase personal items such as groceries, clothing, prescriptions, home items, etc., and/or moved the stolen funds into her own personal accounts, or the accounts of family members. (Tr. 64-66.) Thus, contrary to Collier's characterization of the facts supporting her convictions, the state alleged that Collier committed the offenses with separate conduct. This court has rejected allied offense arguments under similar circumstances. *See State v. Cody*, 8th Dist. Cuyahoga No. 100797, 2017-Ohio-1543, ¶ 25 (defendant's conduct showed that the money laundering and theft offenses were committed subsequently and in separate acts), citing *State v. Dabney*, 1st Dist. Hamilton No. C-140575, 2015-Ohio-4142 (the crimes of theft and money laundering are not necessarily allied offenses).

{¶ 38} Because this case was resolved by a plea agreement, the facts supporting Collier's convictions, particularly the money laundering offenses, were discussed in general terms. The indictment and bill of particulars are not fact specific, and Collier has failed to cite any information in the record to overcome the state's recitation of facts and its assertion that Collier committed the money

laundering offenses subsequently and in separate acts. Under these circumstances, we find Collier has failed to meet her burden of demonstrating a reasonable probability that her convictions for theft and money laundering constituted allied offenses of similar import. *See State v. Hilliard,* 8th Dist. Cuyahoga No. 102214, 2015-Ohio-3142, ¶ 28 (explaining the application of the plain error standard to a record containing insufficient facts). Therefore, we find that the trial court did not commit plain error in failing to merge Collier's convictions.

{¶ 39} Collier further argues that defense counsel was ineffective for failing to argue that the aggravated theft and money laundering offenses were allied offenses. This court has recognized that where the offenses do not merge, a defendant cannot establish prejudice from his or her trial counsel's failure to request merger. *Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, at ¶ 22. Having determined that the trial court did not commit plain error by failing to merge the aggravated theft and money laundering offenses, Collier has not demonstrated a reasonable probability that but for counsel's failure to object, the result of the proceeding would have been different.

{¶ 40} Collier's third assignment of error is overruled.

{¶ 41} Judgment affirmed in part, reversed in part. The matter is remanded for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make all of the required findings on the record and incorporate those findings into its sentencing journal entry.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

{¶ 42} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

PATRICIA ANN BLACKMON, J., and
RAYMOND C. HEADEN, J., CONCUR