[Cite as *State v. Wagner*, 2024-Ohio-5394.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                             :

      Plaintiff- Appellee,          :

                                    No. 113780

      v.                             :

OWEN WAGNER,                              :

      Defendant-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 14, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676833-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Glen Ramdhan and Greg Ochocki, Assistant Prosecuting Attorney, *for appellee*.

Berkman, Gordon, Murray & DeVan and William C. Livingston, *for appellant*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant, Owen Wagner, pleaded guilty to multiple counts of sexual battery and was sentenced to a concurrent 36-month prison term for his

offenses.   On appeal he claims the State breached its agreement that neither the State nor the victim would seek prison time at sentencing.  Wagner's claim is subject to a plain-error review because no objection was made at the sentencing hearing. Having reviewed the record, we do not find plain error.  Wagner's ineffective-assistance-of-counsel claim also fails because he has not demonstrated prejudice. Therefore, we affirm the trial court's judgment.

**Background**

{¶ 2} Wagner and the victim were in a relationship for several years, and they lived together between May 2016 and May 2019.  The incidents giving rise to the instant criminal case occurred between June and August 2017.  According to the victim, Wagner and codefendant Neil Waite engaged in sexual activities with her without her consent and Wagner recorded some of the sexual activities.  All three of them would be intoxicated, and the victim would be unconscious or asleep on many of these occasions when sexual acts were performed on her.  The victim ended her relationship with Wagner in May 2019 and underwent substance abuse treatments and treatments to address the traumatic stress resulting from the sexual abuse by Wagner.  In January 2020, the victim reported the incidents to the Parma Police Department.

{¶ 3} Wagner and codefendant Waite were subsequently charged with rape and sexual battery in a 13-count joint indictment.  Wagner was charged with seven counts of rape and six counts of sexual battery.  Under a plea agreement, Wagner pleaded guilty to three counts of sexual battery and the State dismissed the

remaining counts.  The trial court sentenced him to a concurrent prison term of 36 months.

{¶ 4} On appeal, Wagner raises the following assignments of error for our review:

> I.  Appellant was denied his constitutional right to due process of law when his plea agreement was breached at sentencing resulting in prejudice.

> II. Appellant was denied his constitutional right to the effective assistance of counsel, secured by the Sixth and Fourteenth Amendments to the United States Constitution, when his trial counsel failed to object at the sentencing hearing when the plea agreement was breached and in failing to move to withdraw Appellant's plea in the trial court.

> III.  The trial court's sentence was contrary to law and in violation of Appellant's constitutional right to due process of law.

## Plain Error Review of Appellant's Claim of Breach of Plea Agreement

{¶ 5} Under both the first and third assignments of error, Wagner contends that his constitutional right to due process was violated because his plea agreement was breached.  In support of his claim, Wagner refers us to the following statements made by the prosecutor at the plea hearing:

> For both Mr. Waite and Mr. Wagner, I [want to] put on the record that . . . no other threats or promises were made to induce the change of plea, except I did tell attorneys for both Mr. Waite and Mr. Wagner that, at sentencing, the State and the victim in this case would not be asking for prison or jail or incarceration.  And they have used that in consideration of their plea today.  So I wanted to put that on the record and be transparent.  But at the sentencing, . . . we will not be asking — myself [nor] the victim will not be asking for a prison sentence or a jail sentence or incarceration.

After these statements, the prosecutor added that the victim was notified about the plea and waived her right to be present at the plea hearing.

{¶ 6} At the sentencing hearing, the prosecutor made the following statement: "In deciding what to do, we know the Court always makes its decision by looking at all the facts before it, the presentence investigation report, and we just ask you to impose what you feel is an appropriate sentence."  As a "sentence" encompasses punishment other than incarceration, such as community-control sanctions, the prosecutor's statement does not appear to be a breach of the promise not to seek prison or jail time.  Indeed, Wagner's claim of breach focuses on the victim's statements at the sentencing hearing.

{¶ 7} At sentencing, the victim gave an extended victim-impact statement and provided an account of the events similar to what she had reported to the police, as detailed in the presentence-investigative report ("PSI").  She spoke about the horrific experience of being subjected to sexual activities with Wagner and his codefendant while she was too intoxicated to consent.  She described herself as "being gang-raped on a weekly basis" and experiencing the "Stockholm Syndrome," exhibited by a victim who would identify with her captor in an effort to minimize the harm and to survive.  The victim also described how Wagner "branded" her with a tattoo and threatened to send the videos of the abuse to her loved ones or post them on the internet.  She was haunted by the possibility that the videos taken by Wagner will appear on pornography websites.  Because of the trauma, she was hospitalized in a psychiatric unit for a week, suffering from complex posttraumatic stress

disorder with dissociative symptoms, and still requires long-term therapy. At the

conclusion of the lengthy victim-impact statement, she stated the following:

> I have been waiting for today, the day my rapists are finally held
> accountable, for over four years, and [I] will be dealing with the effects
> of being repeatedly sexually assaulted, degraded and humiliated by
> Mr. Wagner and Mr. Waite for the rest of my life.
>
> I ask you, Your Honor, for justice for the atrocities committed against
> me. I respectfully urge you to consider everything I told you today
> while you determine the appropriate sentence based on the severity of
> Mr. Wagner and Mr. Waite's crimes, as well as the permanent impact
> this had on my life.
>
> . . .
>
> Lastly, I ask that whatever sentences you choose to impose that the
> defendants *serve their respective sentences consecutively*.

(Emphasis added.)

{¶ 8} Wagner argues the plea agreement was breached because, despite the

State's representation at the plea hearing that neither the State nor the victim would

ask for prison or jail time for Wagner's offenses and that Wagner had considered the

promise in pleading guilty, the victim explicitly urged the trial court to impose

"consecutive sentences" for his offenses. Wagner also contends that the plea

agreement was breached when the victim referred to him as a "rapist," described his

conduct as "atrocities," and asked the court to impose "the appropriate sentence

based on the severity" of his conduct.

{¶ 9} We begin our analysis with the recognition that a plea bargain is a

contract and subject to the principles of contract law. *State v. Bethel*,

2006-Ohio-4853, ¶ 50. "In order to determine whether a plea agreement has been

breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea." *State v. Latimore*, 2010-Ohio-1052, ¶ 7 (8th Dist.), citing *United States v. Partida-Parra*, 859 F.2d 629 (9th Cir. 1988), and *United States v. Arnett*, 628 F.2d 1162 (9th Cir. 1979). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The federal courts have emphasized that *Santobello* "'proscribes not only explicit repudiation of the government's assurances, but must in the interests of fairness be read to forbid end-runs around them.'" *United States v. Saxena*, 229 F.3d 1, 6 (1st Cir. 2000), quoting *United States v. Voccola*, 600 F.Supp. 1534, 1537 (D.R.I. 1985). *See also United States v. Moncivais*, 492 F.3d 652 (6th Cir. 2007). "In the event of a breach, the trial court may allow the defendant to withdraw his or her plea, or it may order specific performance of the plea agreement, in which case the defendant shall be resentenced by a different judge." *State v. Smith*, 2021-Ohio-3099, ¶ 35 (8th Dist.), citing *Santobello* at 263 (1971). Furthermore, "[t]he appropriate remedy is left to the sound discretion of the trial court." *Id.*, citing *State v. Padilla*, 2012-Ohio-5892, ¶ 14 (8th Dist.).

{¶ 10} Here, at the plea hearing, the State informed the trial judge — who presided over both the plea and the sentencing hearing — that Wagner entered into the plea agreement in consideration of the State's assurance that neither the State nor the victim would request prison or jail time. The transcript reflects that the

prosecutor abided by the plea agreement at sentencing and did not request a prison or jail term. Regarding Wagner's claim that the victim-impact statement breached the plea agreement, we first note that a victim of a crime has the right to be heard in any public proceeding including sentencing. Ohio Const., art. I, § 10(a) (generally referred to as "Marsy's Law"). *See also State v. Bell*, 2009-Ohio-2138, ¶ 14 (8th Dist.) ("Victims of crime have both constitutional and statutory rights to speak at an offender's sentencing hearing."). The plea agreement here could have, but did not, provide for the victim's waiver of this right.

{¶ 11} Moreover, the victim's statement characterizing Wagner's conduct as "rape" and "atrocities" is similar to the victim's account included in the PSI, which is part of the record before the trial court. Wagner also argues her statement at sentencing requesting that "the defendants serve their respective sentences consecutively" violated the plea agreement reported by the State at the plea hearing. We disagree.

{¶ 12} We note that the determination as to whether a party has breached a plea agreement is a matter that lies within the sound discretion of the trial court. *Maple Hts. v. McCants*, 2002-Ohio-1070 (8th Dist.). *See also*, *e.g.*, *State v. Harrington*, 2021-Ohio-343, ¶ 10 (3d Dist.); *State v. Dowler*, 2015-Ohio-5027, ¶ 20

(4th Dist.). Wagner's trial counsel did not object to the victim's statement nor otherwise raise the issue of whether the State complied with the plea agreement.[1]

{¶ 13} Because the matter was not brought to the trial court's attention, it never ruled on this issue. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Consequently, pursuant to Crim.R. 52(B), we review Wagner's claim for plain error. *State v. Collier*, 2020-Ohio-3033, ¶ 16 (8th Dist.), citing *Puckett v. United States*, 556 U.S. 129, 129 (2009) (when a defendant fails to raise a breach of the plea agreement in the trial court, they waive all but plain error); *State v. Kline*, 2010-Ohio-3913, ¶ 5 and 7-10 (2d Dist.) (holding plain-error review applied when appellant did not object to the prosecutor's recommendation and noting the defendant in *Santobello* had properly preserved the issue of the breach); *State v. Taylor*, 2021-Ohio-436, ¶ 20 (3d Dist.) (appellant did not object to the State's position at sentencing and therefore forfeited all but plain error on appeal related to The purported breach of the State's obligation under the negotiated plea agreement); and *State v. Vasquez*, 2024-Ohio-2496, ¶ 25 (6th Dist.).

---

[1] We note that after the victim provided her victim-impact statement, Wagner's codefendant's counsel spoke and reminded the trial court that the prosecutor had represented at the plea hearing that neither the State nor the victim would be asking for prison or jail. Wagner's counsel stated similarly that "when we entered this plea — and I understand that basically the Court has all the discretion . . . but there hasn't been a specific request for prison."

{¶ 14} "[I]n order to prevail under a plain error analysis, the appellant bears the burden of demonstrating that the outcome of the proceedings clearly would have been different but for the error." *State v. Harris*, 2012-Ohio-802, ¶ 9 (8th Dist.), citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus. *See also State v. Sanders*, 92 Ohio St.3d 245 (2001) (plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different). We are to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Rogers*, 2015-Ohio-2459, ¶ 23.

{¶ 15} Even if we consider the victim's statement to be a violation of the plea agreement, Wagner fails to demonstrate that the trial court would not have imposed a prison sentence but for the victim's request. While the victim requested that Wagner serve his sentences "consecutively," the trial court was not bound to impose a penalty requested by a victim. *Bell*, 2009-Ohio-2138, ¶ 14 (8th Dist.). Despite the victim's request that the trial court sentence Wanger "consecutively," the trial court did not impose consecutive sentences. Instead, the trial court imposed a concurrent sentence of 36 months in prison on each of the counts Wagner pleaded guilty to. There is nothing in the record indicating the trial court would not have imposed a prison term but for the victim's request. Rather, our review indicates the trial court here imposed a concurrent 36-month prison term on Wagner based on its independent review of the entire record. Before imposing the prison term, the trial court specifically stated that it was taking into account "everything [it] knew about

[the defendant]," including the PSI and the sentencing memorandum, and the sentencing laws of R.C. Ch. 2929. There is no indication from the record before us that the trial court would not have imposed a prison term but for the victim's request. As such, Wagner fails to meet his burden of demonstrating that plain error occurred in this case. *See Collier* at ¶ 17 (even if the prosecutor's comments were construed as a breach of the plea agreement, no plain error occurred because the record indicated that the trial court imposed a prison term based on its own independent assessment of the record).

{¶ 16} Wagner cites two Seventh District cases, *State v. Adams*, 2014-Ohio-724 (7th Dist.), and *State v. Brown*, 2023-Ohio-2696 (7th Dist.), for his claim that plain error existed in this case. Both cases are distinguishable. In both cases, the State agreed to remain silent but a different assistant prosecutor appeared at the sentencing hearing and breached the agreement by explicitly recommending incarceration. The Seventh District found plain error existed in both cases, noting that "the state's recommendation is a well-recognized tool in the plea bargaining process, which is an essential component of the criminal justice system" and that "the state's promise to refrain from insisting upon a lengthy sentence is a favorable factor in a decision to enter a plea." *Brown* at ¶ 14, quoting *Adams* at ¶ 36.

{¶ 17} In *Adams*, the appellate court also reasoned that the State's recommendation of a maximum sentence "does carry great weight" and the difference between remaining silent and requesting a maximum sentence of years was so great that it was impossible to say that the State's recommendation did not

contribute to the trial court's sentencing decision. *Adams* at ¶ 36. In *Brown*, the prosecutor reported that the defendant had not paid restitution to the victim and requested jail time to be imposed. The appellate court's review of the trial court's statement made immediately before sentencing referring to the prosecutor's report regarding the lack of restitution reflected that it relied on the prosecutor's statement in sentencing appellant. *Brown* at ¶ 16-18. In the instant case, the victim, not the State, requested "consecutive sentences" and our review of the trial court's statement prior to sentencing does not reflect that it relied on the victim's request in its sentencing decision. Before imposing the prison term, the trial court here specifically stated that it was taking into account everything it knew about the defendant, including the information from the PSI and the sentencing memorandum. Both cases are distinguishable. The first and third assignments of error are overruled.

**Ineffective-Assistance-of-Counsel Claim**

{¶ 18} Under the second assignment of error, Wagner contends that his trial counsel provided ineffective assistance of counsel for failing to object to the breach of the plea agreement and to move to withdraw his guilty plea.

{¶ 19} To establish a claim of ineffective assistance of counsel, an appellant must prove (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel's performance will not be deemed ineffective unless the

performance is proven to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *State v. Iacona*, 93 Ohio St.3d 83 (2001). "Prejudice is established when the defendant demonstrates 'a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *State v. Copeland*, 2016-Ohio-1537, ¶ 39 (8th Dist.), quoting *Strickland* at 694.

{¶ 20} Wagner's trial counsel arguably should have objected to the victim's statement seeking consecutive sentences in light of the State's representation at the plea hearing that she would not seek prison or jail time. However, to prevail on an ineffective-assistance-of-counsel claim, Wagner must establish he was prejudiced. We note first that, in the event of a breach, it is within the trial court's discretion to allow the defendant to withdraw the guilty plea or order specific performance of the plea agreement (in which case the defendant shall be resentenced by a different judge). *Smith*, 2021-Ohio-3099, at ¶ 35 (8th Dist.). Furthermore, Wagner was charged with 13 counts of sexual offenses, including seven counts of rape, a first-degree felony, and six counts of sexual battery, a third-degree felony. He pleaded guilty to three counts of sexual battery in exchange for the dismissal of the remaining counts, and the trial court sentenced him to a concurrent 36-month term for his sexual battery offenses. It is entirely speculative that the trial court would have permitted Wagner to withdraw his guilty plea instead of ordering specific performance of the plea agreement and permitting him to be resentenced by a

different judge, *Santobello*, 404 U.S. 257, 263, and that the outcome of the subsequent proceedings would be more favorable to him. Therefore, even assuming counsel's failure to object constituted deficient performance, Wagner fails to demonstrate prejudice. The second assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., CONCURS;
MARY J. BOYLE, J., DISSENTS (WITH SEPARATE OPINION)

MARY J. BOYLE, J., DISSENTING:

{¶ 22} I respectfully dissent. I would find that the State breached its promise to Wagner, and based on the circumstances of this case, I would find plain error, reverse the trial court's judgment, and remand to the trial court for the most appropriate choice from the two options presented by the *Santobello* Court — the

opportunity to withdraw the plea or a new sentencing hearing before a different judge.

{¶ 23} In *Santobello*, the United States Supreme Court aptly stated:

The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining," is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities.

Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned. *See Brady v. United States*, 397 U.S. 742, 751-752 (1970).

However, all of these considerations presuppose fairness in securing agreement between an accused and a prosecutor. . . . The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known. . . .

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Santobello*, 404 U.S. at 260-262.

{¶ 24} Here, the majority opinion acknowledges that Wagner entered into the plea agreement in consideration of the State's promise that neither the State nor

M.P. would request prison or jail or incarceration, the State abided by the terms of the plea agreement at the sentencing hearing, and M.P.'s statement that "the defendants served their respective sentences consecutively" is "arguably contrary" to the State's representations at the plea hearing, but concludes that there is no plain error because there is no indication in the record that the court would not have imposed its 36-month prison term but for M.P.'s request. I respectfully disagree.

{¶ 25} There is no question that M.P.'s statement inarguably breached the State's promise that neither the State nor M.P. would request prison or jail or incarceration. Indeed, the plain meaning of the phrase "the defendants served their respective sentences consecutively" connotes consecutive prison time. This breach was not minor. Indeed, the State's promise induced Wagner to enter a guilty plea and the breach of that promise prejudiced Wagner. There is no dispute that the State went from promising that it and M.P. would not request prison or jail or incarceration to M.P. requesting at sentencing that Wagner served his sentence consecutively. And, as for the majority's conclusion that there is no plain error because there is no indication in the record that the court would not have imposed its 36-month prison term but for M.P.'s request, I would find that this conclusion is misplaced. Rather, the focus should be on whether Wagner would have forgone his right to trial and pled guilty knowing that M.P. was going to ask for prison time. And

the record clearly demonstrates, Wagner entered the plea agreement based on that promise.

{¶ 26} Thus, based on the foregoing, I would find plain error in this case. And, in the interest of justice and the appropriate recognition of the State's duties in relation to promises it made at the plea hearing, I would remand the case to the trial court for further consideration of the ultimate relief Wagner is entitled to — whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case Wagner should be resentenced by a different judge, or whether, in the view of the court, the circumstances require granting Wagner the opportunity to withdraw his guilty of guilty. *Santobello*, 404 U.S. at 262-263.