**[Cite as *State v. Rosales*, 2020-Ohio-1646.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-21 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-059 |
| | : | |
| JOHN RODRIGUEZ ROSALES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of April, 2020.

. . . . . . . . . . .

SAMANTHA B. WHETHERHOLT, Atty. Reg. No. 0092010, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

FRANK MATTHEW BATZ, Atty. Reg. No. 0093817, 126 North Philadelphia Street, Dayton, Ohio 45403
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant John Rosales appeals from a judgment sentencing him to 12 months in prison for felony domestic violence and to 730 days for violation of post-release control. Rosales contends the trial court erred in sentencing him because the sentences were clearly and convincingly unsupported by the record and contrary to law.

{¶ 2} Because we conclude that the sentences are not contrary to law and are supported by the record, we conclude the trial court did not err in sentencing. Accordingly, the judgment of the trial court will be affirmed.

## I.    Facts and Procedural History

{¶ 3} The following facts and procedural history are gleaned from our review of the entire record, including the presentence investigation report ("PSI") that was provided to the trial court before sentencing. The sealed PSI was filed with our court in April 2020.

{¶ 4} On February 14, 2019, Urbana Police Officer Seth Lingrell was dispatched to Rosales' residence upon a call of domestic violence. Lingrell responded to the residence where he met with L.R. L.R. informed Lingrell that she and Rosales had engaged in a verbal altercation regarding a post he had made to Facebook. L.R. stated the altercation escalated when Rosales punched her and hit her with his open hand. Bruising was observed under L.R.'s left eye. At the time of the offense, L.R. was approximately 15 weeks pregnant with Rosales' child. Rosales was aware of the pregnancy. Further, when he committed this offense, Rosales was on post-release control related to a felony conviction for pandering obscenity involving a minor in Champaign County Case No. 2013-CR-197.

{¶ 5} On March 4, 2019, Rosales was indicted on one count of felony domestic

violence in violation of R.C. 2919.25(A)(D)(5). On June 24, 2019, he entered a plea of guilty to the charge of domestic violence.[1] The trial court accepted the plea, ordered a PSI, continued Rosale's bond, and set the matter for a sentencing hearing to take place on July 12, 2019. On June 21, 2019, Rosales violated a term of his bond by leaving his residence.

{¶ 6} At the sentencing hearing, Rosales admitted the bond violation. Thereafter, the trial court imposed a 12 month prison sentence for the domestic violence conviction. The trial court also advised Rosales that it would impose a sanction for his post-release control violation in Case No. 2013-CR-197. The trial court noted Rosales had been placed on five years of post-release control and that he had 1,189 days remaining. The trial court revoked Rosales' post-release control and sentenced him to serve 730 days in prison for the violation to be served consecutively to the 12 months imposed for the domestic violence.

{¶ 7} Rosales appeals.

## II. Sentence

{¶ 8} The sole assignment of error asserted by Rosales states as follow:

THE APPELLANT'S SENTENCE DOES NOT SUPPORT THE TRIAL COURT'S FINDING AND IS CONTRARY TO LAW.

Rosales challenges the trial court's imposition of a maximum sentence for the domestic violence conviction and the imposition of the sentence for violation of post-

---

[1] In exchange for the guilty plea, the State agreed not to pursue a tampering with evidence charge "related to [a] letter written by" Rosales. Tr. Plea, p. no. 3.

release control.   He argues the sentences should be vacated because the trial court did not consider the principles and purposes of sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

{¶ 9} In reviewing felony sentences, appellate courts must apply the standard of review found in R.C. 2953.08(G).   S*ate v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9-10.   Under this standard, an "appellate court may increase, reduce, or modify a sentence," or it "may vacate the sentence and remand for resentencing," only if it "clearly and convincingly" finds either (1) that the record does not support the sentence or (2) that the sentence imposed is contrary to law.   *Marcum* at ¶ 1.

{¶ 10} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences."   *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).   Likewise, the court is not required by R.C. 2929.141 to make any findings prior to terminating post-release control.   *State v. Barron*, 2d Dist. Montgomery Nos. 25059, 25074, 2012–Ohio–5787, ¶ 16.   A sentence for a post-release control violation is not contrary to law so long as it comports with the requirements of R.C. 2929.141.   *State v. Lehman*, 2d Dist. Champaign No. 2014–CA–17, 2015–Ohio–1979, ¶ 17.   However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12.   (Citation omitted.)   *King* at ¶ 45.

{¶ 11} Rosales was convicted of domestic violence in violation of R.C. 2919.25(A)(D)(5), a fifth degree felony.   The offense, since Rosales was aware of L.R.'s pregnancy, required the imposition of a mandatory 6-month prison term with a maximum

prison term of 12-months. R.C. 2919.25(D)(6)(a); R.C. 2929.14(A)(5). Additionally, the maximum prison term for a violation of post-release control is the greater of 12 months "or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony." R.C. 2929.141(A)(1).

{¶ 12} At the sentencing hearing, the trial court stated that it had fully considered the information contained in the presentence investigation report, the information presented at the hearing, and the record. It stated that it had also considered the factors pertaining to the seriousness of the offense and to recidivism set forth under R.C. 2929.12 and found that prison was consistent with the purposes and principles of sentencing set forth under R.C. 2929.11. These considerations were reiterated in the judgment entry, and the trial court imposed sentence within the statutory range for domestic violence and in accord with the provisions of R.C. 2929.141(A) for violation of post-release control. Thus, the sentences were not contrary to law.

{¶ 13} Therefore, we are left with the issue of whether it can be concluded by clear and convincing evidence that the sentence is not supported by the record. Rosales claims that the trial court erred because it did not properly consider factors making his offense less serious or factors showing he was not likely to commit future crimes. Specifically, he asserts the record clearly demonstrates that the victim induced the offense and caused him to act under strong provocation. He further asserts that he was remorseful, and that the offense was committed under circumstances not likely to recur.

{¶ 14} Rosales contends L.R. induced the offense and caused him to act under strong provocation by posting a picture to a social media outlet and then initiating an argument when he made a comment about the post. However, during the sentencing

hearing, the trial court questioned this assertion and noted the police report indicated Rosales, not L.R., had made the social media post.

{¶ 15} We note the police report does not set forth any information to support a finding that L.R. initiated the argument. Further, even if she did start the confrontation, we cannot say L.R., by merely starting a verbal argument, induced Rosales to punch her. We also note Rosales did not make any claims to the police or the trial court to indicate the argument was of a nature sufficient to induce strong provocation. In fact, Rosales downplayed the interaction by telling the police he and L.R. merely argued for a while and that he then went to bed. Further, after initially declining to participate in the PSI interview, Rosales admitted he was at fault for the incident. We conclude, based upon this record, the trial court did not err in finding Rosales' assertions of inducement and provocation lack credibility.

{¶ 16} Next, Rosales asserts the record demonstrates he exhibited extreme remorse for his actions. In support, he states he was "taking steps to get help by completing programing that would help him to control his impulses and better provide for his family." He also claims the offense was committed under circumstances not likely to recur because he resides alone and was required to stay in his residence as a condition of his bond.

{¶ 17} The trial court specifically found Rosales lacked remorse. When he initially spoke to the investigating officers, Rosales denied hitting L.R. Further, the court noted Rosales committed the offense of domestic violence approximately four months after completing the programs he claimed he voluntarily took in order to aid him in controlling his behavior. Further, Rosales broke the conditions of his bond by leaving his residence,

thereby negating his basis for asserting the offense was not likely to recur. Additionally, as noted below, Rosales has a fairly long criminal history. The court found that Rosales' lack of remorse, combined with the "lack of accountability for his prior criminal conduct suggests the offense was committed under circumstances likely to recur." Dkt. No. 54. We cannot disagree.

{¶ 18} The trial court found the offense committed by Rosales was a more serious incident of domestic violence because it involved a woman he knew to be pregnant. The court noted Rosales had been previously convicted of felony pandering obscenity involving a minor and felony theft of an elderly person or disabled adult. While the two offenses were both committed in May 2013, they involved unrelated conduct. Rosales received a sentence term of three years for each offense with the sentences ordered to run concurrently. He violated post-release control relating to the pandering obscenity conviction. Similarly, Rosales violated the conditions of his bond by leaving his residence during the pendency of this case. The PSI also indicates Rosales was convicted of eight misdemeanor level crimes between 2003 and the instant offense. The trial court also noted Rosales had five other children with five other women, and that he had consistently failed to provide financial support for those children.[2]

{¶ 19} The record demonstrates Rosales' sentences are within the relevant statutory ranges. Further, the record shows that the trial court properly reviewed the PSI, the record and the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the seriousness and recidivism factors set forth in R.C. 2929.12. Based upon our review of the record, we conclude that the trial court's sentencing decision is not

---

[2] The record shows Rosales had an aggregate support arrearage in excess of $30,000.

contrary to law and is supported by the facts in the record. Accordingly, the sole assignment of error is overruled.

## III.  Conclusion

{¶ 20} Rosales' sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Samantha B. Whetherholt
Frank Matthew Batz
Hon. Nick A. Selvaggio