[Cite as *State v. Smith*, 2021-Ohio-3099.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                      :

    Plaintiff-Appellee,          :

                                     No. 109963

    v.                           :

FLOYD SMITH,                        :

    Defendant-Appellant.         :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 9, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623659-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Carl Mazzone and Frank Romeo Zeleznikar,
Assistant Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Aaron T. Baker, Assistant Public Defender, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Floyd Smith ("Smith"), appeals from the trial court's issuance of a nunc pro tunc order to correct a purported clerical error in its sentencing journal entry. He raises the following assignments of error for review:

1. The journal entry of August 26, 2020, purporting to be nunc pro tunc, must be vacated because it does not reflect what took place in open court.

2. The trial court's imposition of additional prison time for the [postrelease control] violation via the order of August 26, 2020, purporting to be nunc pro tunc, was done so in violation of Mr. Smith's right to be present pursuant to the Ohio Constitution and the Sixth Amendment of the United States Constitution, embodied in Crim.R. 43.

3. The trial court's imposition of 943 days imprisonment in addition to Mr. Smith's prison time on his new conviction, via the August 26, 2020 entry, purporting to be nunc pro tunc, violated his Fourteenth Amendment due process expectation of finality.

4. Because it appears from the record that the trial court did not appreciate its discretion in imposing a sentence of less than 943 days for the [postrelease control] violation, nor in not imposing a sentence at all and leaving resolution of the violation up to the Parole Board, and instead merely imposed that time because it was what the state requested, the trial court abused its discretion in doing so.

5. The state of Ohio breached its plea agreement when it requested that Mr. Smith be sentenced to additional [postrelease control] time over and above the cap of 36 months it agreed to at the time of Mr. Smith's change of plea.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} In December 2017, Smith was named in a four-count indictment in Cuyahoga C.P. No. CR-17-623659-A, charging him with two counts of robbery in violation of R.C. 2911.02(A)(2), with notice of prior conviction and repeat violent offender specifications (Counts 1 and 2); and single counts of petty theft in violation

of R.C. 2913.02(A)(1) (Count 3); and drug possession in violation of R.C. 2925.11(A) (Count 4).

{¶ 4} In March 2018, Smith notified the trial court that he intended to accept the terms of a negotiated plea agreement with the state. Pursuant to the plea agreement, Smith agreed to plead guilty to two counts of robbery. In exchange for his plea, the state amended the robbery offenses to felonies of the third degree. In addition, the state agreed to dismiss Counts 3 and 4 of the indictment, as well as the notice of prior conviction and repeat violent offender specifications previously attached to the robbery offenses. Finally, the state expressed to the trial court that it "would agree to cap a possible sentence on each count at 36 months [in prison]." (Tr. 9, 12.)

{¶ 5} Following a Crim.R. 11 colloquy, Smith retracted his former plea of not guilty and pleaded guilty to two counts of robbery in violation of R.C. 2911.02(A)(3), as amended in Counts 1 and 2 of the indictment. The trial court accepted Smith's guilty pleas and referred the matter to the county probation department for the completion of a presentence investigation report.

{¶ 6} A sentencing hearing was held in March 2018. Upon hearing from Smith and defense counsel, the trial court sentenced Smith to 36 months in prison on each count, to run concurrently.

{¶ 7} Thereafter, the trial court heard arguments from both parties concerning Smith's commission of the instant robbery offenses while on postrelease control in Cuyahoga C.P. No. CR-10-543746-A. Following a brief discussion on the

record, the trial court determined that it would handle the postrelease control violation rather than leave it to the Adult Parole Authority. In response, defense counsel requested the trial court terminate the remaining period of postrelease control in Case No. CR-10-543746-A, and allow Smith to serve his 36-month prison term in Case No. CR-17-623659-A without imposing a new sentence on his postrelease control violation.

{¶ 8} The trial court declined to adopt the arguments made on behalf of Smith and found Smith to be in violation of his postrelease control in Case No. CR-10-543746-A, stating:

> Sir, the court does find you to be in violation as a result of your present conviction on your postrelease control. Is there anything that you would like to say before the court announces its sentence?

(Tr. 26-27.) Smith and defense counsel each expressed that they had no additional comments. In turn, the state sought a prison sentence on the postrelease control violation pursuant to the discretion afforded to the court under R.C. 2929.141(A), stating:

> He has 943 days remaining, and I would ask for the imposition of that time.

(Tr. 27.) The trial court immediately responded to the state's request as follows:

> The sentence will be ordered into execution. It has to be consecutive by statute.

(Tr. 28.) Thus, the trial court sentenced Smith to the time remaining on his postrelease control in Case No. CR-10-543746-A, to run consecutive to the prison term imposed in Case No. CR-17-623659-A. The court, however, did not include the

943-day sentence in the sentencing journal entry. Notably, Smith did not file a direct appeal from his convictions and sentence.

{¶ 9} In the years following his convictions and sentence, Smith unsuccessfully filed motions for judicial release. During this time period, the state noticed inadequacies in Smith's sentencing journal entry. Accordingly, the state filed a motion to correct the record in May 2020, requesting the trial court to "correct the April 2, 2018, sentencing entry nunc pro tunc, to reflect the defendant's consecutive prison sentence imposed for his postrelease control violation." The state subsequently supplemented its motion by requesting the trial court to also correct the record's failure to reflect that Smith was notified that he was subject to a mandatory three-year period of postrelease control.

{¶ 10} In June 2020, the trial court issued a nunc pro tunc order to reflect that Smith was subject to a mandatory three-year period of postrelease control and not the discretionary period referenced in the original sentencing journal entry. The trial court, however, did not correct the sentencing journal entry to reflect the 943-day consecutive prison term imposed on Smith's postrelease control violation in Case No. CR-10-543746-A. Accordingly, the state filed a second motion to correct the record, reiterating its request for the trial court to correct the failure to include the 943-day prison term in the sentencing journal entry.

{¶ 11} In August 2020, the trial court issued a second nunc pro tunc entry to address the omitted 943-day prison term. The nunc pro tunc entry stated, in relevant part:

Nunc pro tunc entry to correct sentencing journal entry of April 2, 2018, and the amended sentencing entry of June 30, 2020. Nunc pro tunc entry to reflect imposition of remaining postrelease control time from [Case No. CR-10-543746-A].

\* \* \*

The court finds the defendant was on postrelease control in [Case No. CR-10-543746-A] at the time of this offense. The court further finds the defendant in violation of his postrelease control. Pursuant to R.C. 2929.141(A)(1) the court imposes the 943 days remaining on postrelease control. By statute, this sentence must run consecutive to the 36 months imposed in this matter.

{¶ 12} Smith now appeals from the trial court's nunc pro tunc journal entry.

## II. Law and Analysis

### A. Nunc Pro Tunc Sentencing Journal Entry

{¶ 13} In his first and second assignments of error, Smith argues the trial court's August 2020 nunc pro tunc entry did not reflect what took place in open court and was unconstitutionally issued outside of his presence. We address these assigned errors together because they each depend on the appropriateness of the nunc pro tunc entry.

{¶ 14} Although a trial court lacks the authority to reconsider its own valid judgments in a criminal case, clerical errors may be corrected at any time in order to conform to the transcript of the proceedings. *See State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 15, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 13. Under the authority of Crim.R. 36, "trial courts retain continuing jurisdiction to correct these clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided." *State ex rel.*

*Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19; *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15; Crim.R. 36. A clerical error or mistake refers to "'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *Id.*, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (3d Dist.2000). "Therefore, a nunc pro nunc entry may be used to correct a sentencing entry to reflect the sentence the trial court imposed upon a defendant at a sentencing hearing." *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10, citing *Dean v. Maxwell*, 174 Ohio St. 193, 198, 187 N.E.2d 884 (1963); *State v. Ferrell*, 8th Dist. Cuyahoga No. 85821, 2005-Ohio-5992, ¶ 21.

{¶ 15} After careful review of the transcript of the sentencing proceeding, we find the court's August 2020 nunc pro tunc entry was properly used to correct a clerical error. Although the court did not expressly state that Smith would be sentenced to 943 days in prison, the court did express that it was adopting the state's request to impose the 943 days remaining on Smith's postrelease control period in Case No. CR-10-543746-A, consecutive to the sentence imposed in Case No. CR-17-623659-A. (Tr. 27-28.) Viewing the court's sentencing colloquy in its entirety, we find the current nunc pro tunc sentencing journal entry accurately reflects the sentence imposed on Smith during the original sentencing hearing. Smith's argument to the contrary asks this court to view portions of the trial court's sentencing colloquy in a vacuum, while ignoring proceeding statements that placed the trial court's sentence into context. We decline to do so.

{¶ 16} Smith further argues that the trial court's nunc pro tunc order constituted a modification of his sentence that was unconstitutionally issued outside of his presence. In support of his position, Smith relies on Crim.R. 43(A). The rule states that a criminal defendant has the right to be present at every stage of the criminal proceedings, including the imposition of sentence and any modification of a sentence. Crim.R. 43(A)(1). Thus, it is well accepted that "[w]hen a sentence pronounced in open court is subsequently modified and the judgment entry reflects the modification, the modification must have been made in the defendant's presence." *State v. Carpenter*, 1st Dist. Hamilton No. C-950889, 1996 Ohio App. LEXIS 4434, *4 (Oct. 9, 1996).

{¶ 17} For the reasons previously discussed, however, the trial court did not modify Smith's sentence. Rather, the trial court corrected its judgment to reflect what transpired at the sentencing hearing. *See State v. Kimmie*, 8th Dist. Cuyahoga No. 98979, 2013-Ohio-2906, ¶ 23; *State v. Hill*, 8th Dist. Cuyahoga No. 109656, 2020-Ohio-5190, ¶ 17 ("[Defendant's] presence was not required for the nunc pro tunc entry because that entry did not modify his sentence."); *State v. Sandidge*, 8th Dist. Cuyahoga No. 109277, 2020-Ohio-1629, ¶ 8 ("A nunc pro tunc entry may be used to correct a sentencing entry to reflect the sentence the trial court imposed upon a defendant at the sentencing hearing; the defendant's presence is not required for entry of the nunc pro tunc order because the nunc pro tunc order does not modify the original sentence."); *State v. Hall*, 8th Dist. Cuyahoga No. 96791, 2011-Ohio-6441, ¶ 22 (The defendant's right to be present at every stage of the criminal

proceedings is not abridged when the trial court issues a nunc pro tunc entry to correct a clerical error so that the journal entry accurately reflects the original sentence imposed at the sentencing hearing and does not modify the sentence.). Because the nunc pro tunc entry did not modify Smith's sentence, the requirement under Crim.R. 43(A)(1) — that a defendant be physically present at sentencing — was not implicated.

{¶ 18} Smith's first and second assignments of error are overruled.

## B. Expectation of Finality in Sentencing

{¶ 19} In his third assignment of error, Smith argues the trial court's imposition of the 943-day prison term for his postrelease control violation in Case No. CR-10-543746-A violated his expectation of finality in sentencing. Smith contends that "on the day the 11th hour, invalid nunc pro tunc entry of August 2020 was filed, he had served so much of the sentence on his new case giving rise to the postrelease control violation that he had earned the due process expectation of finality."

{¶ 20} After careful review, we are unpersuaded by Smith's position. The Ohio Supreme Court has explained that when a defendant has fully served his or her sentence, the defendant enjoys an expectation of finality, which prevents further modification. *See State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 12, *abrogated on other grounds*. In this case, however, the record reflects that Smith had served just 877 days in prison at the time the corrected journal entry was issued in August 2020. Thus, regardless of which term of imprisonment was

ordered to run first, Smith had yet to fully serve either his 36-month sentence in Case No. CR-17-623659-A or his 943-day sentence in Case No. CR-10-543746-A. *See State v. Ingels*, 1st Dist. Hamilton Nos. C-180469, C-180470, and C-180471, 2020-Ohio-4367, ¶ 10 ("[G]iven that Mr. Ingels was still serving the sentences, he lacked a reasonable, legitimate expectation of finality in a void judgment.") Moreover, we reiterate that the trial court's nunc pro tunc entry did not modify Smith's sentence. The nunc pro tunc entry was issued to reflect the prison sentence imposed during the sentencing hearing. The corrected judgment entry did not subject Smith to any additional prison time than the court originally imposed at the sentencing hearing in 2018. Under these circumstances, we find the court's utilization of its inherent authority to correct clerical mistakes in judgments did not violate Smith's expectation in the finality of his sentence.

{¶ 21} Smith's third assignment of error is overruled.

### C. R.C. 2929.141

{¶ 22} In his fourth assignment of error, Smith argues the trial court abused its discretion by imposing the 943-day prison term in Case No. CR-10-543746-A. Smith contends the trial court "provided no reason at all for imposing the maximum prison term" and did not appreciate that it had the discretion to impose a lesser sentence on the postrelease control violation.

{¶ 23} In reviewing felony sentences, appellate courts must apply the standard of review found in R.C. 2953.08(G). *Sate v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9-10. Under this standard, an "appellate court

may increase, reduce, or modify a sentence," or it "may vacate the sentence and remand for resentencing," only if it "clearly and convincingly" finds either (1) that the record does not support the sentence or (2) that the sentence imposed is contrary to law. *Id.* at ¶ 1. Thus, this court does not review a trial court's sentence for an abuse of discretion.

{¶ 24} Relevant to this appeal, R.C. 2929.141(A) provides that when a defendant who is on postrelease control is convicted of a new felony, the trial court may terminate the postrelease-control term and impose a prison term for the postrelease-control violation, "regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control." If a prison term is imposed, R.C. 2929.141(A)(1) establishes the maximum prison term and requires the defendant to serve the additional term consecutive to the prison term for the new felony. This additional penalty is often referred to as a "judicial sanction." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 13, citing *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 25.

{¶ 25} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Likewise, the court is not required by R.C. 2929.141 to make any findings prior to terminating postrelease control. *State v. Barron*, 2d Dist. Montgomery Nos. 25059 and 25074, 2012-Ohio-

5787, ¶ 16. The court also is not required to explain or justify why it has elected to impose a prison sentence for the violation. *Id.* Thus, a sentence for a postrelease control violation is not contrary to law so long as it comports with the requirements of R.C. 2929.141. *State v. Lehman*, 2d Dist. Champaign No. 2014-CA-17, 2015-Ohio-1979, ¶ 17. However, "in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *State v. Rosales*, 2d Dist. Champaign No. 2019-CA-21, 2020-Ohio-1646, ¶ 10, citing *King* at ¶ 45.

{¶ 26} Although the trial court must consider the principles and purposes of sentencing, as well as any mitigating factors, R.C. 2929.11 and 2929.12 are not fact-finding statutes. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11. The court is not required to use particular language nor make specific findings on the record regarding its consideration of those factors. *Id.*; *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. In fact, consideration of the factors in R.C. 2929.11 and 2929.12 is presumed unless the defendant affirmatively shows otherwise. *Keith* at ¶ 11. This court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 37.

{¶ 27} With that said, however, we find the sentencing arguments posed in this appeal are barred by the doctrine of res judicata. It is long-standing precedent

in Ohio that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16-17. In this case, Smith did not file a direct appeal from the trial court's final sentencing journal entry issued on April 4, 2018, in Case No. CR-17-623659-A. Nor did Smith appeal from the sentencing journal entry in Case No. CR-10-543746-A, also dated April 2, 2018, which reflected the imposition of a 943-day prison term for the postrelease-control violation. Arguments concerning the court's discretion in imposing a sentence pursuant to R.C. 2929.141 could have, and should have, been raised in a direct appeal from sentencing journal entries issued in 2018.

{¶ 28} Moreover, even if this court were to ignore the implications of res judicata, we find the trial court did not err by imposing a 943-day prison term for Smith's postrelease control violation.

{¶ 29} On appeal, Smith does not contend that the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Instead, he appears to disagree with court's interpretation of R.C. 2929.141 and the weight the trial court afforded to the relevant sentencing factors. However, the weight to assign to a particular sentencing factor lies within the sound discretion of the trial court. *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 12, citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *see also State v. Stovall*, 8th Dist. Cuyahoga No. 104787, 2017-Ohio-2661, ¶ 31. A defendant's sentence is not contrary to law simply because he or she disagrees with the way in which the trial

court weighed the factors under R.C. 2929.11 and 2929.12 and applied these factors in crafting an appropriate sentence. *See State v. Ledbetter*, 8th Dist. Cuyahoga No. 104077, 2017-Ohio-89, ¶ 11.

{¶ 30} In this case, the record reflects that the trial court considered the R.C. 2929.11 and 2929.12 factors at Smith's sentencing hearing and in its sentencing entry. Specifically, the court considered Smith's criminal history, the seriousness of his conduct, and the relevant recidivism factors. (Tr. 21-23.) The court further expressed in the sentencing journal entry that it "considered all required factors of law" and that the prison terms were "consistent with the purpose of R.C. 2929.11." In addition, there is no question that Smith committed a new felony while under postrelease control in Case No. CR-10-543746-A. Smith further concedes that at the time of sentencing in March 2018, there was 943 days remaining on the postrelease control period in Case No. CR-10-543746-A. Since the prison sentence imposed by the trial court for Smith's postrelease control violation is expressly authorized by R.C. 2929.141, the sentence is not clearly and convincingly contrary to law. The sentence is within the permissible statutory range, and the record reflects that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.

{¶ 31} Similarly, we find no merit to Smith's suggestion that the trial court did not appreciate the discretion afforded to the court under R.C. 2929.141. Here, the record reflects that the parties actively debated the issue of postrelease control. Defense counsel argued that it was appropriate for the trial court to terminate

Smith's prior postrelease control based on his mental health and drug issues, while the state requested the trial court to impose a prison sentence on the remaining balance of Smith's postrelease control. (Tr. 26-28.) The fact that the trial court ultimately determined that a prison term was appropriate based on Smith's criminal history does not support Smith's contention that the trial court did not "understand that it had the discretion to give Mr. Smith less time in prison for the violation."

{¶ 32} Smith's fourth assignment of error is overruled.

### D. Plea Agreement

{¶ 33} In his fifth assignment of error, Smith argues the state breached the terms of the negotiated plea agreement when it requested that he be sentenced to additional prison time on his postrelease control violation because it exceeded the "cap" of 36 months in prison the state had agreed to at the time of his change of plea.

{¶ 34} This court has recognized that "'[a] plea bargain itself is contractual in nature and subject to contract-law standards.'" *State v. Butts*, 112 Ohio App.3d 683, 686, 679 N.E.2d 1170 (8th Dist.1996), quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.1986). A contract is generally defined as a promise that is actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration, and a manifestation of mutual assent. *State v. Robinson*, 8th Dist. Cuyahoga No. 82801, 2004-Ohio-740, ¶ 12, citing *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract. *Id.*, citing *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus.*

*Relations*, 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (1991). As such, the terms of a plea agreement must be explicit. *State v. Padilla*, 8th Dist. Cuyahoga No. 98187, 2012-Ohio-5892, ¶ 11, citing *United States v. Benchimol*, 471 U.S. 453, 105 S.Ct. 2103, 85 L.Ed.2d 462 (1985).

{¶ 35} Plea agreements should be construed strictly against the government. *United States v. Fitch*, 282 F.3d 364 (6th Cir.2002). "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." *State v. Legree*, 61 Ohio App.3d 568, 573 N.E.2d 687 (6th Dist.1988). In the event of a breach, the trial court may allow the defendant to withdraw his or her plea, or it may order specific performance of the plea agreement, in which case the defendant shall be resentenced by a different judge. *Santobello* at 263. The appropriate remedy is left to the sound discretion of the trial court. *Padilla* at ¶ 14.

{¶ 36} Consistent with the foregoing, we find Smith's challenges to the state's compliance with the terms of the negotiated plea agreement is barred by res judicata. Issues concerning the terms of the plea agreement, including the state's promises regarding sentencing, are unambiguously set forth in the record and were known to Smith at the time he should have filed a direct appeal. He failed to do so.

{¶ 37} Nevertheless, even if this issue was properly before this court, we find no merit to Smith's characterization of the plea agreement. "In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea." *State v. Latimore*, 8th Dist. Cuyahoga No. 92490, 2010-Ohio-1052, ¶ 7. In this case, the record reflects that when discussing the charges in Case No. CR-17-623659-A, the state expressed it would delete certain specifications and dismiss Counts 3 and 4 of the indictment in exchange for Smith's plea of guilty to two counts of robbery. The state further agreed that it would not pursue more than 36 months in prison on each of the robbery offenses. Significantly, however, the state made no promises regarding Smith's postrelease control period in Case No. CR-10-543746-A. In fact, defense counsel acknowledged that the plea agreement did not restrict the court's ability to assess a potential postrelease control violation pursuant to R.C. 2929.141, stating:

> DEFENSE COUNSEL: And he currently is on postrelease control, so I did explain to him that he may be a violator subject to further penalties including further incarceration and prison.

(Tr. 9.) In the absence of credible information to suggest otherwise, this court will not deduce terms or conditions of a plea agreement that were not clearly negotiated and unambiguously made part of the record. With respect to sentencing, the state only agreed that it would not seek a sentence greater than 36 months on each robbery offense. The state complied with this obligation. Thus, we are unable to conclude that the state breached the terms of the negotiated plea agreement by

recommending the imposition of a prison term on the remaining balance of Smith's postrelease control time during the sentencing hearing.

{¶ 38} Smith's fifth assignment of error is overruled.

{¶ 39} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR