[Cite as *State v. Fairbanks*, 2025-Ohio-4910.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-A-0021 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| BRYAN DAVID FAIRBANKS, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00589 |

## OPINION AND JUDGMENT ENTRY

Decided: October 27, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, *Moufid Ghassan Sayej* and *Phillip L. Heasley*, Assistant Public Defenders, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Bryan David Fairbanks, appeals the judgment of the Ashtabula County Court of Common Pleas sentencing him to an indefinite prison term of three to four-and-a-half years following his no contest plea to Failure to Verify Address, a first-degree felony.

{¶2} Appellant raises two assignments of error. First, Appellant argues that his sentence is contrary to law because, during the sentencing hearing, the parties disagreed about whether the State had agreed to "cap" its prison-sentence recommendation at three years. In addition, the record does not indicate that the trial court referred to the written

plea agreement to resolve the parties' dispute. Second, Appellant argues that his trial counsel was ineffective for failing to file a presentence motion to withdraw his plea.

{¶3} Having reviewed the record and the applicable law, we find that Appellant's assignments of error lack merit. First, Appellant has not clearly and convincingly established that his sentence is contrary to law. The signed, written plea agreement filed in the record did not contain a sentence recommendation from the State; rather, it expressly provided that the State would argue sentence. Second, trial counsel was not ineffective for failing to file a presentence motion to withdraw Appellant's plea. Since the plea agreement was unambiguous, trial counsel did not have a legitimate basis to do so.

{¶4} Therefore, we affirm the judgment of the Ashtabula County Court of Common Pleas.

### Substantive and Procedural History

{¶5} On December 19, 2024, the Ashtabula County Grand Jury indicted Appellant on one count of Failure to Verify Address, a first-degree felony in violation of R.C. 2950.06(F) and 2950.99(A)(1)(a)(ii). The State alleged that Appellant was a convicted sex offender who failed to register his current address as required.

{¶6} On January 10, 2025, Appellant was arraigned and pleaded not guilty. The trial court appointed counsel from the Ashtabula County Public Defender to represent Appellant. Attorney Tina Scibona from that office initially served as Appellant's trial counsel.

{¶7} On March 5, 2025, the parties entered into a written plea agreement pursuant to which Appellant agreed to plead no contest to the single count as charged.

The agreement also provided, in relevant part: "I understand that the State of Ohio's position on sentencing is: Argue Sentence."

{¶8} On the same date, the trial court held a plea hearing. The prosecutor informed the court that the State was "agreeable to allowing a no contest plea," that the parties were requesting a presentence investigation ("PSI"), and that there was no agreement as to sentence. Attorney Scibona confirmed the prosecutor's statements.

{¶9} The trial court engaged in a colloquy with Appellant pursuant to Crim.R. 11. Following the colloquy, the prosecutor provided the following factual basis:

> In 2001, the defendant was convicted of rape in the Lake County Court of Common Pleas. A condition of that sentence was to register as a sexual offender for life. The defendant, . . . around July 1st of 2024, was given a report date with the county sheriff's office for September 29th of 2024, the defendant had not come in to register his address, which resulted in the violation that's before the Court today.

{¶10} Defense counsel added that "there were communications with the sheriff's department between September 24th and around October 2nd as the defendant had just tried to communicate via phone to get something squared away, due to his work schedule and finding out when he could be here to be able to present to register."

{¶11} Following the factual basis, Appellant entered a plea of no contest to the single count. The trial court accepted Appellant's plea and found him guilty. The trial court ordered a PSI and set the matter for sentencing. The signed, written plea agreement was filed the next day on March 6, 2025.

{¶12} On March 17, 2025, Attorney Scibona unfortunately passed away.

{¶13} On March 31, 2025, the trial court held a sentencing hearing. Attorney Margaret Brunarski, director of the Ashtabula County Public Defender, served as Appellant's trial counsel.

Case No. 2025-A-0021

{¶14} Appellant requested a sentence of community control. Defense counsel argued that while there was a presumption of prison for Appellant's offense, it was a "non-violent administrative offense." According to defense counsel, Appellant registered on July 1, 2024, and his next registration date was supposed to be September 29, 2024. Appellant did not register on that date, and he was charged on October 4, 2024. However, Appellant made multiple phone calls to the sheriff during September 2024 in which he attempted to remedy the situation. Appellant did not timely register because he had a job that he was at risk of losing; however, Appellant was currently registered. He did not intentionally defy the law and had diligently registered since his release from prison in 2018. Defense counsel also emphasized Appellant's low score on the Ohio Risk Assessment System; his lack of mental health, alcohol, or drug issues; his compliance with pretrial services; and that he was the main caretaker for his ill father.

{¶15} The State recommended a prison sentence of five years, arguing that while Appellant's offense was non-violent, it was important for public safety. The State also asserted that Appellant had not rebutted the presumption of prison and that despite Appellant's claim of difficulty, he could have registered at the sheriff's office during business hours up to ten days early.

{¶16} Defense counsel responded that according to Attorney Scibona's notes from February 27 and March 5, 2025, the State had agreed to "cap" its prison-sentence recommendation at three years. The prosecutor disagreed, stating that his notes reflected that Appellant had rejected the State's offers of five years and three years; however, the parties ultimately agreed to argue sentence, which the written plea agreement "clearly reflects."

Case No. 2025-A-0021

{¶17} The trial court did not expressly resolve the parties' dispute on the record. The court proceeded to sentence Appellant, stating as follows:

> The Court finds no good and sufficient cause has been shown as to why judgment and sentence should not now be pronounced. The Court will pronounce the sentence. The Court's reviewed the presentence investigation report. It's an extensive document, it provides the Court with much information about you, Mr. Fairbanks. The Court here is familiar with the facts that led to the charge pled to and further reviewed the prior record here of the defendant.

> Also, the Court's considered the purposes and principles of the sentencing statutes, as the overriding purposes are to punish the offenders and to protect the public from future crime. The Court's considered both recidivism and seriousness factors.

> The Court notes here that Mr. Fairbanks does have a prior criminal record and that's – it includes a misdemeanor in 2000, looks like the felony rape conviction, which was referenced here and part of the reason that you are required to register. That's from Lake County. And there's no juvenile record listed. The Court heard your statement here in court, as well as read your statement in the presentence investigation report. You showed up for hearings before the Court. You have been compliant here with pretrial services and tested negative for any illegal substances.

> The Court notes this is a high level felony. It's a felony of the first degree. There is a presumption for prison. And also, this count that you have pled to, the failure to verify address, there are reasons as were mentioned by the State, for why you are required to register and the importance of doing that. I believe you're required to do that every 90 days. So the Court's heard arguments here of both sides.

> The Court finds that community control would demean the seriousness of the conduct in this case and would not adequately protect the public. Therefore, a sentence of imprisonment is comm[en]s[u]rate with the seriousness of the defendant's conduct and a prison sentence does not place an unnecessary burden on the State.

{¶18} The trial court sentenced Appellant to an indefinite prison term of three to four-and-a-half years and costs.

{¶19} On April 16, 2025, Appellant timely appealed and raises two assignments of error.

## Felony Sentencing

{¶20} Appellant's first assignment of error states: "The trial court exceeded its authority and acted contrary to law in failing to refer to details of the written plea agreement before it."

{¶21} Appellate review of a felony sentence is governed by R.C. 2953.08(G)(2), which provides, in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds . . . :
> . . .
> (b) That the sentence is otherwise contrary to law.

{¶22} "Contrary to law" means "'in violation of statute or legal regulations at a given time.'" *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶23} Appellant argues that "given the large discrepancy" between the parties "regarding the terms of the plea agreement," Appellant's sentence is "clearly and convincingly contrary to law" and "must be reversed on that basis alone." Appellant also argues that while a sentencing court may not be bound by a plea agreement, "there is no

indication that the judge even bothered to mention what the actual plea recommendations were, according to what was in front of her, in that regard."

{¶24} The Supreme Court of Ohio has held that "principles of contract law are generally applicable to the interpretation and enforcement of plea agreements." *State v. Bethel*, 2006-Ohio-4853, ¶ 50. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration, and a manifestation of mutual assent. *State v. Smith*, 2021-Ohio-3099, ¶ 34 (8th Dist.). A meeting of the minds as to the essential terms of the contract is a requirement to enforce the contract. *Id*.

{¶25} Appellant relies on *State v. Sykes*, 2018-Ohio-4774 (8th Dist.), which is factually distinguishable. In that case, the parties entered into a plea agreement that contained an "agreed-upon sentence." *Id*. at ¶ 4. Here, the parties' signed, written plea agreement expressly provided that the State would "[a]rgue [s]entence." In addition, at the plea hearing on May 5, 2025, the parties confirmed that there was no agreement as to sentence.

{¶26} By contrast, Appellant's apparent belief that the State would "cap" its sentence recommendation at three years was based on former defense counsel's notes from the plea negotiations. "The parol evidence rule states that 'absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.'" *Galmish v. Cicchini*, 2000-Ohio-7, ¶ 17, quoting 11 *Williston on Contracts*, § 33:4, at 569-570 (4th Ed. 1999). Defense counsel did not assert the existence of fraud, mistake, or any other invalidating cause; therefore, the written agreement controlled. Appellant also cites no legal authority that requires a

sentencing court to orally recite the parties' written plea agreement. Consequently, Appellant has not clearly and convincingly established that his sentence is contrary to law.

{¶27} Accordingly, Appellant's first assignment of error is without merit.

**Ineffective Assistance of Counsel**

{¶28} Appellant's second assignment of error states: "Counsel for appellant at sentencing was ineffective by failing to move to withdraw defendant's plea prior to sentencing."

{¶29} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

{¶30} Notably, Appellant's trial counsel at sentencing, Attorney Brunarski, is also one of his appellate attorneys. This Court and others have held that "'in a direct criminal appeal where appointed counsel is the same attorney appointed to represent the defendant at trial, he [or she] is presumed to be incapable of effectively arguing that he

Case No. 2025-A-0021

[or she] was ineffective at the trial level.'" *State v. Kelly*, 2012-Ohio-523, ¶ 71 (11th Dist.), quoting *State v. Leahy*, 2000 WL 1867296, *4 (6th Dist. Dec. 22, 2000). In that circumstance, a defendant must raise an ineffective-assistance claim in a postconviction relief proceeding rather than on direct appeal. *Id*. at ¶ 72.

{¶31} In any event, Appellant's argument lacks substantive merit. Appellant argues that because of the parties' "intense disagreement over the plea agreement" during the sentencing hearing, trial counsel was ineffective for failing to move to withdraw Appellant's plea. According to Appellant, the parties' dispute "clearly indicated" that there was no "agreement on sentencing recommendations."

{¶32} The Supreme Court of Ohio has held that "'[a] presentence motion to withdraw a guilty plea should be freely and liberally granted.'" *State v. Barnes*, 2022-Ohio-4486, ¶ 13, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "A defendant does not, however, have an 'absolute right' to withdraw his or her plea, even when a motion to withdraw is made before sentencing." *Id.*, quoting *Xie* at paragraph one of the syllabus. Rather, a defendant must have "a reasonable and legitimate basis for withdrawing the plea." *Id*. Courts have held that when the State breaches a plea agreement, the defendant has the option to withdraw his plea or seek specific performance. *State v. Grove*, 2016-Ohio-2721, ¶ 36 (8th Dist.).

{¶33} As stated, the parties' written plea agreement unambiguously provided that the State would argue sentence. Therefore, trial counsel did not have a legitimate basis— i.e., the State's breach of the plea agreement—to seek withdrawal of Appellant's plea. Trial counsel cannot be faulted for failing to perform a futile act. *See State v. Siler*, 2011-Ohio-2326, ¶ 64 (11th Dist.).

{¶34} Accordingly, Appellant's second assignment of error is without merit.

{¶35} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2025-A-0021

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE MATT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0021